LEMMON, Justice.
The issue in this case is whether the driver of a funeral limousine breached a duty to plaintiff, a passenger in the vehicle, which caused her injury.
Desiring to attend a funeral, plaintiff and three friends arranged to be picked up by a funeral limousine at plaintiff’s home. During the trip to the funeral parlor plaintiff and two other passengers occupied the rear seat, plaintiff sitting directly behind the driver, while the fourth passenger occupied the front seat. The two jump seats in the limousine were unoccupied.
After the services at the funeral parlor, the driver opened the left rear door, and the passengers reentered the limousine and assumed the same positions. Two additional *1269 passengers entered and seated themselves in the two jump seats.
When the limousine arrived at the cemetery, Mrs. Jackson, an obese, elderly woman seated in the jump seat in front of plaintiff, decided to remain in the limousine because a light rain had begun to fall. Plaintiff exited the vehicle by squeezing past Mrs. Jackson with great difficulty.
Following the burial the driver accompanied plaintiff back to the limousine and opened the left rear door. At plaintiff’s request the driver asked Mrs. Jackson to move, but she refused, and plaintiff again squeezed by her into the rear seat.
The limousine then proceeded to plaintiff’s home to deliver the four passengers. Upon arrival the driver parked on the left side of the street and opened the left rear door. The front seat passenger got out, and the jump seat passenger on the right moved into the front. Mrs. Jackson, however, refused a request to move into the jump seat on the right so that the passengers could easily exit through the left rear door. The other two rear seat passengers then exited without difficulty through the right rear door, but plaintiff again tried to squeeze past Mrs. Jackson through the left rear door. According to plaintiff’s version of the incident, Mrs. Jackson leaned forward and tilted the jump seat as she squeezed between the seats, but the jump seat “sort of came back” and struck plaintiff’s leg causing a fracture.
Plaintiff sued the limousine driver and his employer, the operator of the funeral home. The trial court rendered judgment in favor of plaintiff, but the court of appeal reversed, holding the driver blameless and stating the injury resulted from Mrs. Jackson’s unexpected action in allowing the jump seat to move back suddenly. 380 So.2d 752. We granted certiorari. 384 So.2d 799.
Plaintiff assigns as errors the intermediate court’s (1) failure to decide whether the limousine was a common carrier and thus held to the highest degree of care, and (2) the reversal without a showing of manifest error of the trial court’s judgment in favor of plaintiff implicitly based on a factual finding that the driver was negligent. We find both assignments meritless.
The decision does not turn on factual findings or on the applicable standard of care, but on whether under the undisputed facts the driver did or omitted to do anything which under any standard of care would constitute a breach of duty. Whether the driver owed plaintiff a duty to exercise reasonable care or a duty to exercise the highest degree of care, we cannot say that the driver breached any duty under the record facts most favorable to plaintiff as the prevailing party in the trial court. The manifest error rule only requires that the reviewing court accept the factual findings of the trial court unless those finding are clearly wrong. When we accept the implicit factual findings most favorable to affirmation of the judgment, those facts do not support a legal conclusion that the limousine driver breached a duty owed to plaintiff, even under the highest standard of care.
Plaintiff argues the driver was negligent in three respects: (1) in making no attempt to move Mrs. Jackson so that plaintiff could exit safely; (2) in doing nothing to get Mrs. Jackson moved after she refused the requests; and (3) in opening the left rear door on every occasion, thereby inviting plaintiff to the known danger in exiting through that door.
The driver did ask Mrs. Jackson to move. Her refusal made plaintiff’s exit through the left rear door difficult and perhaps uncomfortable, but not unsafe, as long as the jump seat was flat on the floor, and no duty devolved on the driver to do anything further in attempting to move her. Moreover, there was another door through which passengers could and did exit. Plaintiff chose to squeeze through the less comfortable, but equally safe, route. Only when Mrs. Jackson tilted the jump seat forward did any possibly unsafe situation develop, but the driver had no reason to expect such action by Mrs. Jackson or to protect against it. Even when measured against the highest standard of care, the driver could not reasonably be expected to protect plaintiff against this sudden and unforeseen forward *1270 movement of the seat, which just as suddenly fell back and injured plaintiff.
The judgment of the court of appeal is affirmed.
AFFIRMED.
DIXON, C. J., and DENNIS, J., dissent.
CALOGERO, J., dissents and assigns reasons.